## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| KAYO CLEVELAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACT. NO. 2:20-cv-52-TFM-B |
| | : | |
| EQUIFAX INFORMATION SERVICES | : | |
| LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

Pending before the Court is the *Joint Stipulation of Dismissal as to Defendant LendingClub Corporation (Only) With Prejudice*. Doc. 69, filed November 11, 2020. Plaintiff Kayo Cleveland ("Plaintiff") and Defendant LendingClub Corporation ("LendingClub"), bring their stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and request the Court dismiss with prejudice Plaintiff's claims against LendingClub. *Id.* The stipulation is signed by counsel for Plaintiff and LendingClub. *Id.* The Court construes the stipulation as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties and Plaintiff requests the Court dismiss only one (1) of the named defendants, and the joint motion is not signed by all of the served parties. Thus, the Court finds it proper to construe Plaintiff's joint motion as a motion to dismiss Defendant LendingClub pursuant to Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action

Upon consideration of the motion (Doc. 69), it is **ORDERED** it is **GRANTED**, and Plaintiff's claims against Defendant LendingClub Corporation are **DISMISSED with prejudice**, with each party to bear their own costs and attorneys' fees.

**DONE** and **ORDERED** this 12th day of November 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).