UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAYO CLEVELAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACT. NO. 2:20-cv-52-TFM-B |
| | : | |
| EQUIFAX INFORMATION SERVICES LLC, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

# ORDER

Pending before the Court is the *Joint Stipulation of Dismissal as to Defendants Full Circle Financial Services, LLC and Pentagon Federal Credit Union (Only) With Prejudice*. Doc. 83, filed February 8, 2021. Plaintiff Kayo Cleveland ("Plaintiff") and Defendants Full Circle Financial Services, LLC ("Full Circle"), and Pentagon Federal Credit Union ("Pen Fed") bring their joint stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and request the Court dismiss with prejudice Plaintiff's claims against Full Circle and Pen Fed. *Id.* The joint stipulation is signed by counsel for Plaintiff and counsel for Full Circle and Pen Fed. *Id.* The Court construes the joint stipulation as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties and Plaintiff requests the Court dismiss only two (2) of the named defendants, and the joint stipulation is not signed by all of the served parties. Thus, the Court finds it proper to construe Plaintiff's joint stipulation as a motion to dismiss Defendants Full Circle and Pen Fed pursuant to Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses*,

Upon consideration of the motion (Doc. 83), it is **ORDERED** it is **GRANTED**, and Plaintiff's claims against Defendants Full Circle Financial Services, LLC, and Pentagon Federal Credit Union are **DISMISSED with prejudice**, with each party to bear their own costs and attorneys' fees.

**DONE** and **ORDERED** this 8th day of February 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

*Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).