UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAYO CLEVELAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACT. NO. 2:20-cv-52-TFM-B |
| | : | |
| EQUIFAX INFORMATION SERVICES, LLC, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Pending before the Court is the *Joint Stipulation of Dismissal as to Defendant Equifax Information Services, LLC (Only) With Prejudice*. Doc. 87, filed March 8, 2021. Plaintiff Kayo Cleveland ("Plaintiff") and Defendant Equifax Information Services, LLC ("Equifax"), bring their stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and request the Court dismiss with prejudice Plaintiff's claims against Equifax. *Id.* The stipulation is signed by counsel for Plaintiff and Equifax. *Id.* The Court construes the stipulation as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties and Plaintiff requests the Court dismiss only one (1) of the named defendants, and the joint motion is not signed by all of the served parties. Thus, the Court finds it proper to construe Plaintiff's joint motion as a motion to dismiss Equifax pursuant to Fed. R. Civ. P. 41(a)(2). A plaintiff may dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all

Upon consideration of the motion (Doc. 87), it is **ORDERED** it is **GRANTED**, and Plaintiff's claims against Defendant Equifax Information Services, LLC, are **DISMISSED with prejudice**, with each party to bear their own costs and attorneys' fees.  Plaintiff's claims against Defendant Regions Bank remain pending.

**DONE** and **ORDERED** this 9th day of March 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).